UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

| | |
|---|---|
| UNITED STATES OF AMERICA, | **REPORT,** |
| | **RECOMMENDATION** |
| v. | **AND ORDER** |
| JAWAYNE WATKINS, | 18-CR-00032(RJA)(JJM) |
| Defendant. | |

───────────────────────────────

      Defendant Jawayne Watkins is charged in a four-count Second Superseding Indictment [42][1] with conspiracy to possess with intent to distribute heroin and 4-fluoroisobutyryl fentanyl, in violation of 21 U.S.C. §846, and three counts of possession with intent to distribute and distribution of heroin and 4-fluoroisobutyryl fentanyl, one of which resulted in the death of "A.C.", in violation of 21 U.S.C. §§841(a)(1), (b)(1)(B), and (b)(1)(C).[2]

      Before the court are the remaining portions of defendant's omnibus pretrial motion [51],[3] as well as the government's cross-motion for reciprocal discovery (government's Response [61], pp. 12-13), all of which have been referred to me by District Judge Richard J. Arcara for initial consideration [16]. Having reviewed the parties' submissions [51, 61, 70-72, 76, 80], and heard oral argument on May 28 and June 20, 2019 [64, 74], for the following reasons, defendant's non-dispositive motions are denied, the government's cross-motion is granted, and I recommend that defendant's motions to suppress and dismiss be denied.

---

[1]     Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

[2]     The Second Superseding Indictment also contains a forfeiture allegation.

[3]     Defendant withdrew his motions to suppress recordings of telephone calls he made while incarcerated and to suppress his post-arrest interview. *See* Watkins Affidavit [70], ¶¶2,3.

## DISCUSSION

A. **Defendant's Motions**

   1. **Motion to Suppress Statements**

Defendant seeks to suppress statements of recorded conversations between him and a confidential informant. Brennan Affirmation [71], ¶4. In support of the motion, defendant states that he did not give his permission for such recordings, and argues that it is the government's burden "to produce the permission from the other party". Defendant's Affidavit [70], ¶5. In response, the government submits an Affidavit from Department of Homeland Security Special Agent ("SA") Thomas Webb, who was the lead agent in the investigation of defendant. [76-1]. SA Webb states that as part of the investigation he used a confidential informant ("CI") to make controlled purchases from defendant and that the CI agreed to have his telephone calls with defendant, as well as two controlled purchases from defendant, recorded. Id., ¶¶2-5.

"If one party to a telephone conversation consents to its being taped, the other party can not argue that his Fourth Amendment rights have been violated. . . . However, if [the defendant] can show that [the other participant to the telephone call] did not consent to the taping of the conversation, he can establish that his own Fourth Amendment rights were violated." United States v. Cafaro, 480 F. Supp. 511, 521 (S.D.N.Y. 1979). "The standard for determining consent to the taping of a phone conversation is lower than that for demonstrating waiver of the Fourth Amendment right against unreasonable search and seizure, the Fifth Amendment right against self-incrimination or the Sixth Amendment right to counsel." Id. "[T]he Government can show consent to the taping of a conversation by proving that the informer allowed his conversation to be recorded 'after knowing what the law enforcement

agents were about.'" Id. (*quoting* United States v. Fuentes, 563 F.2d 527, 533 (2d Cir. 1977)). That burden may be met by "circumstantial evidence, rather than direct evidence from the informant or from agents to whom the informant gave his express consent". Fuentes, 563 F.2d at 533.

      Defendant argues that the government did not meet this burden because SA Webb's Affidavit fails to indicate that the CI consented to the particular recordings sought to be used by the government. Brennan Affirmation [80], ¶4. That argument parses SA Webb's Affidavit too narrowly. Since the government's burden may be satisfied by even circumstantial evidence, SA Webb's statement that a CI was used in the course of the investigation to make consensually recorded conversations is sufficient to meet that burden. *See* United States v. Koschtschuk, 2010 WL 584018, *1 (W.D.N.Y. 2010) ("[t]he fact that Ignasiak made 149 hours of consensual recordings strongly undercuts any claim that he did not consent to wearing the recorder and making the recordings").

      Generally, an evidentiary hearing on a motion to suppress is required "if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact [exist]". United States v. Watson, 404 F.3d 163, 167 (2d Cir. 2005). However, since defendant has not attempted to affirmatively rebut the government's showing, I recommend that the motion be denied without a hearing.

    **2.    Motion to Dismiss**

      Defendant asserts two ground for dismissal. First, he argues that the possession with intent to distribute counts of the Second Superseding Indictment occurred "months apart . . . during which time [he] was under surveillance", and that the government "cannot justify the

delay in . . . [his] arrest . . . other than for purposes of entrapping" him. Brennan Affirmation [51-1], ¶¶11-13. Second, he argues that the "resulting in death language" of 21 U.S.C. §841(b)(1)(C) is unconstitutional because there is no *mens rea* requirement. Id., ¶14. Neither argument is persuasive.

To the extent that defendant seeks dismissal of the Second Superseding Indictment on the grounds of entrapment, the government correctly notes, and the defendant does not dispute, that "'[t]here is no entrapment when a purchase is made at the instance of the law officers where the seller is ready and willing, without persuasion and awaiting any propitious opportunity, to commit the offense'". Government's Response [22], p. 17 (*quoting* United States v. White, 223 F.2d 674, 676 (2d Cir. 1955)). Since defendant points (at most) to the delay in his arrest, rather than to any inducement by the government to commit the crimes at issue, I recommend that defendant's motion to dismiss the Second Superseding Indictment because of entrapment be denied.

Defendant's challenge to the constitutionality of 21 U.S.C.§841(b)(1)(C) similarly runs contrary to the existing case law. 21 U.S.C. §841(b)(1)(C) provides that "if death or serious bodily injury results from the use of [the controlled] substance [the defendant] shall be sentenced to a term of imprisonment of not less than twenty years or more than life". As the government notes (government's Response [72], p. 4), the court in United States v. Gosy, 2019 WL 948179 (W.D.N.Y. 2019) rejected the identical argument - *i.e.*, that "21 U.S.C. § 841(b)(1)(C), is a strict liability statute which unconstitutionally imposes the 20-to-life penalty enhancement without requiring a *mens rea*, proximate cause, or foreseeability of the death". Gosy, 2019 WL 948179, *2. Absent any attempt by defendant to distinguish Gosy or to cite to any authority holding 21

U.S.C. § 841(b)(1)(C) to be unconstitutional, I recommend that defendant's motion be denied for the reasons set forth in Gosy, 2019 WL 948179, *2-3.

    **3.    Motion for Discovery and Inspection**

Apart from the government's Brady, Giglio,[4] and Jencks Act (18 U.S.C. §3500) obligations, Fed. R. Crim. P. ("Rule") 16 "is . . . the sole authorized vehicle under the Federal Rules of Criminal Procedure for pre-trial discovery in criminal cases". United States v. Louis, 2005 WL 180885, *2 (S.D.N.Y. 2005). Defendant initially moved for various items of discovery. Brennan Affirmation [51-1], ¶2. In response, the government detailed its production (government's Response [61], pp. 1-3), including a variety of materials related to the alleged death of A.C., and represented that it has "complied with the requirements of Rule 16", and will continue to do so if additional discovery becomes available. Id., pp. 3-4.

In his subsequent submissions, the only discovery demand defendant identifies as remaining in dispute is his request for "any and all notes, recordings, memoranda or correspondence evidencing conversation between the defendant and the [CI]". Brennan Affirmation [71], ¶2. The government responds, and defendant does not dispute, that "[t]hese items were made available to defense counsel for review upon prior appointment on February 23, 2018" and that "[a]nything further would be Jencks material", which it has agreed to produce two weeks prior to trial. Government's Response [72], p. 2. Therefore, this motion is denied as moot.

---

[4]    Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).

4.  **Motion for a Bill of Particulars**

Rule 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense". United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).[5]  "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999).  "[T]he burden is upon defendants to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendants' rights". United States v. Duarte, 2014 WL 29366, *1 (W.D.N.Y. 2014).

"In deciding a motion for a bill of particulars, the important question is whether the information sought is necessary, not whether it is helpful." United States v. Conley, 2002 WL 252766, *4 (S.D.N.Y. 2002).  A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense". United States v. Henry, 861 F.Supp. 1190, 1197 (S.D.N.Y. 1994).

The court "has the discretion to deny a bill of particulars if the information sought by defendant is provided in the indictment or in some acceptable alternate form". United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998); United States v. Messina, 2012 WL 463973, *10 (E.D.N.Y. 2012) ("[i]n determining whether a defendant has shown such necessity, the trial court must examine the totality of the information available to the defendant, including the indictment

---

[5]  As the government notes (government's Response [61], p. 7 n. 1), some courts have questioned the double jeopardy justification for granting particularization. *See, e.g.,* United States v. Payden, 613 F. Supp. 800, 816 n. 14 (S.D.N.Y. 1985).

-6-

and general pre-trial discovery"). "The necessity of a bill of particulars depends on the nature of the charged crime." United States v. Meregildo, 2012 WL 3834732, *5 (S.D.N.Y. 2012). Ultimately, the decision "[w]hether to grant a bill of particulars rests within the sound discretion of the district court". United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984).

With this standard in mind, I will address defendant's request for particularization, which seeks the following:

> "[a] the specific acts committed by the Defendant which the government relies upon to establish the charged crime.
>
> [b] the amount and composition of the substance in issue for each count of the Indictment.
>
> [c] The exact manner in which the Defendant caused the death of [A.C.] . . . along with the dates of any culpable conduct." Defendant's Motion [51], ¶2.

As the government argues, defendant's motion does not "begin to approach the requisites necessary to justify further particularization". Government's Response [61], p. 6. Apart from a general recitation of need (Brennan Affirmation [51-1], ¶¶5-8), defendant offers nothing specific to satisfy his burden of establishing that non-disclosure of the requested particularization would lead to prejudicial surprise at trial or would adversely affect his rights. See United States v. Williams, 88 F.Supp.3d 117, 120 (N.D.N.Y. 2015) (denying request for a bill of particulars where the defendant "made no attempt to demonstrate need to prepare a defense or avoid surprise at trial"); United States v. Lupoi, 2014 WL 12681632, *3 (E.D.N.Y. 2014) ("[t]he defendant bears the burden of showing the information sought is necessary, and that he will be prejudiced without it. . . . The papers filed by Lupoi are woefully inadequate in this regard as they contain no analysis"); United States v. Pirk, 282 F.Supp.3d 603, 617 (W.D.N.Y. 2017) (the "motion for a bill of particulars cited nothing but Rule 7(f), thus arguably

falling woefully short of his burden to show that the information is necessary to the preparation of his defense");

The government states that it has already produced "substantially all of the discovery in its possession, including the relevant [law enforcement] reports that provide the basis for this case". Government's Response [61], p. 10. In view of the discovery produced, which appears to include materials related to the death of A.C. (id., p. 3, items d-h), and the investigatory background contained in the Affidavit of SA Webb in support of the Criminal Complaint ([1], pp. 2-5 of 5 (CM/ECF)), I see no need for a bill of particulars. See United States v. Calvente, 2013 WL 4038952, *2 (S.D.N.Y. 2013) (denying a bill of particulars where "the Government has already provided much, if not all, Rule 16 discovery, and this Court will require it to provide Jencks Act material in advance of trial to apprise the Defendants of the essential facts"). Therefore, this motion is denied.

### 5. Motion for Disclosure of Grand Jury Transcripts

Since "a presumption of regularity attaches to grand jury proceedings" United States v. Leung, 40 F.3d 577, 581 (2d Cir. 1994), defendant has the "burden of asserting that *particularized and factually based grounds* exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment". United States v. Abcasis, 785 F. Supp. 1113, 1119 (E.D.N.Y. 1992) (emphasis added). See also United States v. Torres, 901 F.2d 205, 233 (2d Cir. 1990), abrogated on other grounds by United States v. Marcus, 628 F.3d 36 (2d Cir. 2010) (disclosure "is rarely permitted without specific factual allegations of government misconduct"); Leung, 40 F.3d at 582 ("[a] review of grand jury minutes should not be permitted without concrete allegations of Government misconduct"). This

standard is "'demanding.'" United States v. Hernandez, 2015 WL 738697, *1 (D. Colo. 2015). The "strong presumption of regularity in grand jury proceedings . . . . cannot be outweighed by conclusory or speculative allegations of misconduct". United States v. Morgan, 845 F. Supp. 934, 941 (D. Conn. 1994), aff'd, 51 F.3d 1105 (2d Cir. 1995). See United States v. Sandford, 2016 WL 791435, *4 (W.D.N.Y.), adopted, 2016 WL 3951217 (W.D.N.Y. 2016) ("[u]nspecified allegations of impropriety or mere speculation are not sufficient to satisfy this heavy burden").

In support of his motion, defendant argues that "[g]iven the factual allegations or lack thereof in the indictment, it is difficult to see how a grand jury that was appropriately presented with the evidence and correctly instructed as to the elements to indict [him] for the death of the individual referred to in said indictment as nothing disclosed by the Government thus far has indicated a causal relationship between defendant and the death". Brennan Affirmation [51-1], ¶18. Defendant's speculative argument falls well short of the threshold required for demonstrating his entitlement to disclosure of the grand jury transcripts. Therefore, this motion is denied.

### 6. Motion for Disclosure of Brady/Giglio Material

Defendant seeks disclosure of these materials. Brennan Affirmation [51-1], ¶¶18-33. In response, the government represents that it will produce Brady material "if and when it is aware of it", and will produce the Giglio material "in accordance with the schedule set by the District Court prior to trial and no later than when [it] produces and delivers the Jencks Act material". Government's Response [61], pp. 4-6.

"[T]he Brady obligations of the prosecutors extend only to materials within prosecutors' possession, custody or control or, in appropriate cases, that of the Department of

Justice, perhaps another part of the Executive Branch, or a comparable state authority involved in the federal prosecution." United States v. Blaszczak, 308 F. Supp. 3d 736, 742 (S.D.N.Y. 2018). "The government's obligations under Brady . . . are seemingly well-established. The prosecution has a constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment . . . . This duty covers not only exculpatory material, but also information that could be used to impeach a key government witness." United States v. Coppa, 267 F.3d 132, 135 (2d Cir. 2001) (*citing* Giglio, 405 U.S. at 154). Generally, "Brady and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant". Coppa, 267 F.3d at 146. "[A]s long as a defendant possesses Brady evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." Id. at 144. "[T]he time required for the effective use of a particular item of evidence will depend on the materiality of that evidence . . . as well as the particular circumstances of the case". Id. at 146.

"Courts in this Circuit have repeatedly denied pretrial requests for discovery orders pursuant to Brady where the Government, as here, has made a good-faith representation to the Court and defense counsel that it recognizes and will comply with its disclosure obligations under Brady." United States v. Kelly, 91 F. Supp. 2d 580, 584 (S.D.N.Y. 2000). At this point, I have no reason to question the government's representations. *See* United States v. Savarese, 2002 WL 265153, *2 (S.D.N.Y. 2002) ("district courts in this circuit routinely accept the type of representation that the Government has made concerning Brady material"). I am also satisfied by the government's representation that it will produce any Giglio material at the same time it produces its Jencks Act material. Therefore, this motion is denied, without prejudice to renewal.

**B.      Government's Cross-Motion for Reciprocal Discovery**

The government moves for reciprocal discovery pursuant to Rule 16(b). Government's Response [61], pp. 12-13. "Rule 16 . . . imposes reciprocal discovery obligations on defendants." United States v. Smith, 985 F.Supp.2d 506, 522 (S.D.N.Y. 2013). Defendant has not opposed this request. Therefore, the government's motion is granted. "Defendant shall provide such discovery, if any, not later than 30 days prior to trial or such other date as the District Judge may direct." United States v. Sikut, 488 F.Supp.2d 291, 304 (W.D.N.Y. 2007) (emphasis omitted).

## CONCLUSION

For these reasons, defendant's non-dispositive motions [51] are denied, the government's cross-motion ([61], pp. 12-13) is granted, and I recommend that defendant's motions to suppress and dismiss [51] be denied. Unless otherwise ordered by Judge Arcara, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by August 5, 2019. Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

    The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: July 22, 2019

               /s/ Jeremiah J. McCarthy
              JEREMIAH J. MCCARTHY
              United States Magistrate Judge